IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY EUGENE MOORE | § | |
| | § | |
| V. | § | A-17-CV-400-LY |
| | § | |
| LORIE DAVIS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

A.  **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas in cause number 103,968. Petitioner was convicted of burglary of a building and was sentenced to 35 years in prison on September 12, 1990. Petitioner's conviction was affirmed on December 18, 1991. Moore v. State, No. 03-90-00270-CR (Tex. App. – Austin 1991, pet. ref'd). His petition for discretionary review was refused

on May 8, 1992. Moore v. State, No. PD-0344-92. Petitioner has filed multiple state applications for habeas corpus relief challenging his convictions and revocation of parole.

B.      **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      The subsequent application rule for state habeas petitions should not apply to petitions challenging parole;

2.      His parole was unlawfully revoked;

3.      He should have been granted clemency because burglary was reduced to a state jail felony in the "mid 90's" and

4.      He was unlawfully denied parole.

## II.  DISCUSSION AND ANALYSIS

A.      **Challenge of Dismissal of State Habeas Petitions**

To the extent Petitioner argues his state habeas petition challenging the revocation of his parole should not have been dismissed as successive his claim does not state a basis for federal habeas corpus relief. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

B.      **Revocation of Parole**

To the extent Petitioner challenges the revocation of his parole his claim is time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner indicates his parole was revoked on November 6, 2014. This is the date on which the factual predicate of his claim presented could have been exercised through the exercise of due diligence. Petitioner filed a state habeas corpus application, challenging his conviction on or about April 19, 2015. Ex parte Moore, Appl. No. 24,502-10. Even though the factual basis of Petitioner's parole claim existed at this time, Petitioner did not challenge the revocation of his parole. The Texas Court of Criminal Appeals dismissed the application as successive on July 8, 2015. At that time, 201 days remained of the one year limitations period. Therefore, to be timely Petitioner had to file his federal petition on or before January 25, 2016. Petitioner did not execute his federal petition until April 14, 2017, after the limitations period had expired.

Petitioner filed another state application for habeas corpus relief on August 4, 2016. This state application did not operate to toll the limitations period, because it was filed after the limitations period had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the

3

limitations period). The Court of Criminal Appeals dismissed this state habeas application as successive on October 12, 2016, as Petitioner could have raised his challenge to the revocation of his parole in his previous state application. Ex parte Moore, Appl. No. 24,502-11.

Petitioner alleges he filed several motions to reopen his parole revocation hearing, and he filed within one year of the last answer he received. Petitioner attaches a copy of a letter indicating he filed a motion to reopen hearing on or about November 18, 2014, and the motion was denied on December 1, 2014. Even if this Court were to toll the limitations during this brief time period, Petitioner's federal habeas corpus application is still time-barred.

Similarly, Petitioner attaches a letter indicating he sent additional correspondence to the Parole Board on November 7, 2014 and November 15, 2014. The Parole Board's response dated December 19, 2014, asserted the information Petitioner provided would be placed in his parole review file. Again, even if the Court tolled the limitations period during this time period, the untimeliness of his federal habeas application is unchanged.[1]

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims

---

[1] Petitioner attached a third letter, but that letter appears to relate to the denial of parole and not the revocation of his parole.

4

earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**C.     Burglary Reduced to State Jail Felony**

To the extent Petitioner challenges his original conviction and asserts he should have been granted clemency because burglary was reduced to a state jail felony, his claim is successive. Petitioner raised similar claims in his previously filed federal application for habeas corpus relief. See Moore v. Thaler, No. A-09-CV-780-LY (W.D. Tex.). The Court dismissed Petitioner's application as time-barred on November 25, 2009. Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Petitioner has not obtained prior approval to file a successive habeas corpus application. Pursuant to § 2244(b), Petitioner's application for habeas corpus relief, to the extent he challenges his conviction and sentence, is therefore successive and should be dismissed. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

**D.     Denial of Parole**

To the extent Petitioner challenges the denial to release him on parole, he has failed to exhaust his state court remedies. A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 516 U.S. 1050 (1996). Section 2254(b) provides:

5

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982)(citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351.

In the present case, Petitioner has not presented his claims challenging the denial of parole to the Texas Court of Criminal Appeals. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and

6

correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. <u>Deters v. Collins</u>, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed. In particular, Petitioner's challenge to (1) the dismissal of his state habeas applications should be dismissed with prejudice as it is not cognizable on federal habeas review (2) the revocation of his parole should be dismissed with prejudice as time-barred, (3) his conviction and sentence should be dismissed without prejudice for want of jurisdiction, and (4) the failure to release him on parole should be dismissed without prejudice for failure to exhaust state court remedies.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

8

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED this 9th day of May, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE